IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMBER CANTER, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-19-2395 |
| STATE OF MARYLAND, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Amber Canter has filed a Motion for Default Judgment. (ECF No. 115.) The Motion will be denied without prejudice.

In the Motion, Plaintiff's Counsel provides a summary of her allegations against Defendant Zanel Santana and provides a brief recitation of the law. However, counsel provides essentially no analysis as to why Plaintiff is entitled to an entry of default judgment. Further, Counsel provides very little citation to authority. For example, the citations are often to the Maryland Pattern Jury Instructions rather than to case law, and—other than citing to cases relating to default judgment generally—cites to no case law at all with respect to the substance of her allegations. For instance, her argument with respect to Count 2 is, in its entirety:

> Count 2: To prevail in an action for violation of 42 U.S.C. § 1985 Conspiracy to Interfere with Civil Rights, a plaintiff must prove that the defendant agreed in some manner with another participant in the conspiracy to do an act that deprived plaintiff of a federal constitutional right and that a participant in the conspiracy engaged in at least one act in furtherance of the conspiracy.

(ECF No. 115 at 10–11.) Counsel includes a similar recitation of the law for each of the Counts on which they seek default judgment. (*See id.* at 10–12.) Toward the end of the brief, Counsel states—without elaboration—that "[t]he allegations in Plaintiff's Third Amended Complaint (as

summarized above) . . . demonstrate that Defendant Santana is liable to Plaintiff for Counts 1, 2, 4, and 6-9 of Plaintiff's Third Amended Complaint." (*Id.*) There is no citation to authority, and no analysis.

Simply put, Plaintiff falls woefully short of meeting her burden. *See Parrish v. Leithman*, 733 F. Supp. 3d 371, 374 (D. Md. 2024) ("The party seeking default judgment bears the burden of establishing entitlement to recovery."). The Court will permit Plaintiff an opportunity to renew her motion for default judgment. In any renewed motion, the Plaintiff must provide citation to authority and analysis as to why she is entitled to default judgment.

Accordingly, it is ORDERED that:

1. Plaintiff's Motion for Default Judgment (ECF No. 115) is DENIED WITHOUT PREJUDICE.
2. Plaintiff SHALL FILE any renewed motion seeking default judgment by February 3, 2025.

DATED this 13 day of January, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge